United States District Court
Southern District of Texas
**ENTERED**
December 08, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MACEO RODGERS, ET AL. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-14-055 |
| | § | |
| SPAR BUSINESS SERVICES, INC., | § | |
| ET AL. | § | |

### OPINION AND ORDER

Before the Court by referral[1] from the Honorable George C. Hanks, Jr., United States District Judge, is the Plaintiff's Motion to Conditionally Certify this case as a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b).  Having considered the Parties' submissions and the arguments of counsel at a Hearing on December 2, 2014, the Court now issues this Opinion and Order.

Plaintiff alleges that the "merchandisers" under written agreements with the Defendants (collectively "SPAR") are actually employees, not independent contractors, and are entitle to overtime pay.  Consequently, Plaintiff seeks conditional certification to permit Notice of this suit to be sent to all appropriate potential plaintiffs in every state, except California, so they can make an informed choice about opting into this litigation.  The Motion must be determined under the well established two-stage approach of <u>Lusardi v. Xerox Corporation</u>, 118 F.R.D. 351 (D.N.J. 1987), as approved by the Fifth Circuit in <u>Mooney v. Aramco Services, Co.</u>, 54

---

[1] The referral was originally for a Report and Recommendation, however, the Parties conceded that the Motion is a non-dispositive matter and Judge Hanks has now authorized the determination of the Motion under 28 U.S.C. § 636(b)(1)(A).

F.3d 1207, 1213-14 (5th Cir. 1995). To determine the first stage of <u>Lusardi</u>, the notice stage, the Court employs a fairly lenient standard.

This Court finds that Plaintiff has sufficiently alleged a plausible claim that the potential "class" members were subjected to a single policy or plan utilized by SPAR which may have violated the overtime provisions of the FLSA. Therefore, insofar as the Motion (Instrument no. 25) seeks conditional certification of **some** class of potential plaintiffs to receive Notice of Suit, it is **GRANTED**.

The Court, however, further finds that at this juncture a virtual nationwide class is not appropriate. It is, therefore, **ORDERED** that the conditional certification is **LIMITED** to merchandisers utilized by SPAR in the greater Houston and Galveston areas <u>from July 15, 2012, to the present</u>.

The Court further finds that discovery could call into question the preemptive effect of the arbitration clause, inserted after this case was filed into the 2014 Master Agreement signed by all merchandisers, on the statutory right of the potential class members to make an informed choice about joining this litigation after receiving notice. Cf. <u>Billingsley v. CitiTrends, Inc.</u>, 560 F.Appx. 914 (11th Cir. 2014). It is, therefore, further **ORDERED** that all potential Plaintiffs, even those who have signed the 2014 Agreement, **SHALL** receive Notice; however, the Notice sent to the potential Plaintiffs **SHALL** include an appropriate conspicuous statement that the arbitration clause could possibly bar or limit their claim.

It is further **ORDERED** that SPAR **SHALL** produce in a computerized or other use-friendly format the names, last known addresses, telephone numbers and, if known, email addresses of all potential Plaintiffs; no social security numbers **SHALL** be provided unless the Court first finds that the contact information for a specific person proves to be insufficient, that the disclosure should be made, and that confidentiality **SHALL** be assured.  Cf.  <u>Whitehorn v. Wolfgang's Steakhouse, Inc.</u>, 767 F.Supp. 2d 445, 448-49 (S.D. N.Y. 2011).

It is further **ORDERED** that SPAR's request that a third-party administrator be retained by Plaintiff to receive SPAR's disclosures and to conduct the notification procedures is **DENIED**.

Since the Parties agree that some tolling of the statute of limitations is appropriate, it is further **ORDERED** that the statute of limitations **WILL BE TOLLED** as of the date the Notice is mailed, but without prejudice to reconsideration after appropriate discovery has been completed.  Cf.  <u>Sandoz v. Cingular Wireless, LLC</u>, 769 F.Supp. 2d 1047, 1064 (S.D. La. 2011).

The Parties are **ORDERED** to promptly confer with regard to the timing of SPAR's disclosures and the appropriate form of the Notice to be sent.  If these matters have not been resolved <u>by **December 11, 2015**</u>, the Parties **SHALL** so notify the Court and a prompt Hearing will be set to resolve any remaining disputes.

**DONE** at Galveston, Texas, this ____8th____ day of December, 2015.

_____
John R. Froeschner
United States Magistrate Judge

3